**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Victor Armando Gallegos Martinez,

Petitioner

v.

Pamela Bondi, et al.,

Respondents

Case No. 2:26-cv-02114-AMB-DJA

**Service and Appointment of Counsel Order**

[ECF Nos. 1, 1-1, 1-2]

Petitioner Victor Armando Gallegos Martinez, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a self-represented petition for federal habeas corpus relief under 28 U.S.C. § 2241, ECF No. 1-1, a motion to appoint counsel, ECF No. 1-2, and a motion to proceed *in forma pauperis* ("IFP"), ECF No. 1. The Court finds that good cause exists to grant the IFP application.

In addition, the Court finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1] Here, Petitioner is unrepresented and stands to lose his right to an adjudication of his Petition on the merits due to ignorance of technical procedural requirements. In addition, this case concerns immigration proceedings and removal, thus the outcome of this litigation is likely to have serious consequences for Petitioner. The Court, therefore, finds that appointment of counsel is in the interests of justice.

Broadly construing the Petition, Petitioner asserts that his detention is unlawful under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that he has been in custody since March 4, 2026. ECF No. 1-1 at 6, 7. He further asserts that the Court should "Issue a Restraining Order against (ICE)," but does not explain why injunctive relief is necessary. *Id.* at 9. Without more, it is insufficient to determine if Petitioner has already been subject to the 90-day

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

mandatory removal period under 8 U.S.C. § 1231(a)(1)(A) or detained beyond the six-month presumptively reasonable period from *Zadvydas*. The Court defers ruling on the Petition but directs that the Petition be served on the United States Attorney's Office for the District of Nevada ("USAO"), given that it will be representing at least one Respondent in this matter if an Amended Petition is filed.

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further ordered that the Petitioner's Motion to Appoint Counsel (ECF No. 1-2) is granted. The Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within 7 days of the date of this Order. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that if the FPD files a notice of appearance in this matter, it will then have 14 days to either (1) file an Amended Petition, or (2) a motion to dismiss the Petition. The FPD must effectuate service of the Amended Petition on Respondents.

It is further ordered that the Petition (ECF No. 1-1) is deferred.

It is further ordered that the Clerk of Court will:

1. **FILE** the Petition (ECF No. 1-1).
2. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal Respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.
3. **SEND** a copy of the Petition (ECF No. 1-1) and this Order to the Federal Public Defender at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

4. **MAIL** a copy of the Petition (ECF No. 1-1) and this Order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.
5. **SEND** a courtesy copy of the Petition (ECF No. 1-1) and this Order to Ashlee Hesman, attorney for John Mattos, at ahesman@strucklove.com.
6. **UPDATE** Petitioner's second name on the docket to Armando.

It is further ordered that the USAO must file a notice of appearance within 7 days of the date of this Order and file and serve their Answer to the Amended Petition, if one is filed, within 7 days of service of the filing of that Amended Petition, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading. Petitioner will have 7 days to file a Reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the USAO must produce the following documents to Petitioner's counsel (or certify that such documents are not in their custody or control) within 7 days of the date of this Order:

1. I-200 Warrant for Arrest of Alien
2. Form I-286 Initial Custody Determination
3. I-862 Notice to Appear
4. Form I-213 Record of Deportable or Inadmissible Alien
5. All immigration court orders in the Petitioner's removal proceedings
6. Documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner.
7. Transcripts and/or audio recordings of any custody redetermination proceedings.

It is further ordered that Respondents must not transfer Petitioner out of this District, with the exception of effectuating Petitioner's lawful deportation,[2] until further order of the Court. In the event of lawful deportation, Respondents must file a notice with the Court within 7 days from deportation.

Dated: July 17, 2026

Amy M. Baggio
United States District Judge

[2] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").